No. 4170

**Second Circuit**

———

**GROBER v. GRACE LOGGING CO.**

———

(November 18, 1931.  Opinion and Decree.)
(December 9, 1931.  Rehearing Refused.)

———

Harry V. Booth and George W. McSween, of Shreveport, attorneys for plaintiff, appellee.

R. W. Oglesby, of Winnfield, attorney for defendant, appellant.

DREW, J.  Plaintiff sued under the Workmen's Compensation Act of Louisiana (Act No. 20 of 1914, as amended) for sixty-five per cent of his weekly wage for a period of four hundred weeks, beginning October 1, 1929, less twenty-eight weeks alleged to have been paid by defendant.

He alleged that while in the employ of defendant, as a "swamper," and when on his way to the place of work in the woods, the mule which he was riding stumbled and fell, throwing plaintiff to the ground, thereby injuring his back, backbone, ligaments, muscles, nerves, joints, shoulder, and hip, all on the left side of his body, and that said injuries have rendered him permanently disabled to do any work of a reasonable character.

Plaintiff further alleged that defendant paid his doctor's bills and compensation for twenty-eight weeks, but refused to pay any longer; and that his weekly wage was $15 per week.  He prays for judgment accordingly, and for $250 additional for medical, physicians' fees, hospital bills, and other expenses incurred.

Defendant, in answer, admits that plaintiff was in its employ, that his wages were $15 per week, and that at the time of the alleged injury plaintiff was acting within the scope of his employment.  It denies that plaintiff was injured or that he was thrown from the mule when it stumbled, and alleges that plaintiff was suffering

from a chronic "back trouble" of old standing, and the alleged fall did not in any way aggravate the old trouble, which it alleges to be a "disease of the spine of a medical nature."

Defendant further alleges that on account of the "back trouble" plaintiff was forced to cease work on May 17, 1929, and was not able to resume work until September 18, 1929, at which time he was given a lighter job. It further avers that "plaintiff was faking an injury on the alleged date"; that he was suffering with the trouble long before the date of injury, and is using that as a pretext for extortion. .

The lower court rendered judgment in favor of plaintiff for $9.75 per week for three hundred weeks, less the twenty-eight weeks previously paid by defendant, payment to begin as of October 1, 1929, with five per cent per annum interest from date until paid, and fixed the fee of the expert witness, Dr. Bond, in the amount of $10. From this judgment, defendant has appealed, and plaintiff has answered the appeal praying that the judgment be amended by increasing the number of weeks from three hundred to four hundred.

Under the pleadings, the only questions of fact to be determined by this court are:

(1) Was there an accident as alleged by plaintiff, and was he injured by said accident?

(2) Was plaintiff suffering from a chronic disease before the accident, and, if so, did the accident and injury received aggravate or accelerate the disease?

The undisputed testimony is that the mule which plaintiff was riding stumbled and fell to its knees, its hind parts being held up by a sapling, and the great preponderance of testimony is that plaintiff was thrown from said mule to the ground; and that he remounted the mule and proceeded to the place of work. He only remained on the job a short while when his suffering became so intense that he ceased work and went to his boarding house. Plaintiff then notified the manager, who sent a doctor to see him. After four or five days, the manager of defendant company sent plaintiff to his daughter's home in Haynesville, La., where he was treated by Dr. Bond, at the request of defendant. He remained in bed for three weeks, and since that time has not had the use of his left arm or shoulder, and suffers constantly with his hip and back, being forced to walk in a sidewise and stooped position; cannot dress himself without pain, and is wholly incapacitated to do work of a reasonable character.

The attempt to prove that plaintiff's condition was caused by disease, resulting from bad teeth and pyorrhea, we think has failed. It is true that he ceased work on account of sickness on May 17, 1929, and did not return to work until about twelve days before this accident, but the testimony is that he was suffering during that time from a stomach trouble. He had pyorrhea prior to the accident, but all of his teeth had been removed before the day of the accident, and the whole testimony shows that, prior to and on the very day of the accident, he was able to use his arms and body as well as any average man, and performed his manual labor without effort. Immediately after the accident, plaintiff became disabled, and has not been able to work since.

The principal witness for defendant is Dr. Peters, who on cross-examination said

that he based the answers to the questions propounded to him on the theory that he was not injured by being thrown from the mule, but merely stepped from the mule, after it had fallen. The condition upon which his answers were given being false, Dr. Peters' testimony is therefore of no effect.

Plaintiff was sixty-three years of age, and it would take less of a fall to injure him than it would a younger man. It is proved that he had the fall from the mule and was unable to work thereafter, was able to work up to that very time; therefore, if we should assume that he had a focal infection, it had not advanced to that stage where it would incapacitate him from work, and the fall immediately producing incapacity clearly shows that such disease or infection, if he had any, was aggravated and accelerated by the fall to such an extent that he is entitled to compensation.

The lower court held plaintiff was totally disabled to do work of a reasonable character, and awarded him full compensation per week for three hundred weeks. The judgment should have been for not more than four hundred weeks, less the twenty-eight weeks' compensation received by him. All doctor's bills and hospital fees were paid by defendant, and it is liable for no more.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by increasing the number of weeks for compensation to be paid to a period of disability not to exceed four hundred weeks, and, as amended, the judgment be affirmed, with costs.

No. 4230

Second Circuit

(Second Division)

